DAWN SESTITO (S.B. #214011)
dsestito@omm.com
JUSTINE M. DANIELS (S.B. #241180)
jdaniels@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California  90071-2899
Telephone:  +1 213 430 6000
Facsimile:  +1 213 430 6407

JAMES M. AUSLANDER (*pro hac vice*)
jauslander@bdlaw.com
BEVERIDGE & DIAMOND PC
1900 N Street NW, Suite 100
Washington, DC 20036
Telephone:  +1 202 789 6000
Facsimile:  +1 202 789 6190

Attorneys for Petitioner and Plaintiff
Exxon Mobil Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>　　　　　Petitioner and Plaintiff,<br><br>　　v.<br><br>SANTA BARBARA COUNTY BOARD OF SUPERVISORS,<br><br>　　　　　Respondent and Defendant. | Case No. 2:22-cv-03225-DMG-MRW<br><br>**JOINT REPORT OF PARTIES PURSUANT TO FRCP 26(F) AND L.R. 26-1**<br><br>**Scheduling Conference**: August 12, 2022<br>**Time**: 9:30 A.M.<br>**Judge**: Hon. Dolly M. Gee<br>**Courtroom**: 8C<br>**Complaint Filed**: May 11, 2022<br>**Trial Date**: Not Set |

Pursuant to Federal Rule of Civil Procedure 26(f) and Rule 26-1 of the Local Rules of the Central District of California, and the Court's Scheduling Conference order, filed June 27, 2022 (Dkt. No. 13), Petitioner and Plaintiff Exxon Mobil Corporation ("ExxonMobil") and Respondent and Defendant Santa Barbara County Board of Supervisors (the "Board") submit the following joint report.

# I.   SYNOPSIS OF PRINCIPAL ISSUES

ExxonMobil is the owner and operator of the Santa Ynez Unit ("SYU") which consists of three offshore platforms—Hondo, Heritage, and Harmony (the "Platforms") located on submerged lands leased from the United States in federal waters off the coast of the County of Santa Barbara (the "County")—and an onshore processing center ("LFC") located in Las Flores Canyon, near Goleta. In May 2015, one of two pipelines used to transport crude oil processed at SYU ruptured. The third-party owner and operator of the pipelines subsequently shut down both pipelines. In September 2017, ExxonMobil filed a permit application with the County seeking authorization to temporarily truck SYU's crude oil from LFC through the County for up to seven years, or until a pipeline became available, whichever was shorter (the "Project"). In March 2022, the Board denied the permit for the Project, leaving ExxonMobil without any alternative for transporting oil collected from SYU until an approved pipeline becomes available.

### 1. *ExxonMobil's Position*

This is an action for a writ of administrative mandate, seeking to vacate and set aside the denial of the Project pursuant to California Code of Civil Procedure section 1094.5. ExxonMobil has a vested right to restart and operate SYU and contends that (1) all conditions necessary for the Board to approve the Project have been met; and (2) the Board's denial of the Project was not supported by substantial evidence.

Following the resolution of the writ of administrative mandate, ExxonMobil, if necessary, will seek declaratory relief and damages arising from the denial of the

1  Project.  ExxonMobil contends that the denial (1) violates the Commerce Clause of
2  the United States Constitution and the California Constitution by unjustifiably
3  regulating, discriminating against, or burdening commerce beyond the County's
4  borders; (2) constitutes an illegal exercise of police power; and (3) constitutes a
5  taking in violation of the Fifth Amendment to the United States Constitution and
6  Article I, section 19 of the California Constitution for which ExxonMobil is entitled
7  to just compensation.

        2.  *The Board's Position*

9  The Board denies all of ExxonMobil's claims.

10           \*\*\*

11  The following are brief, summary statements of the parties' main claims and
12  defenses.  Each statement was drafted by the party making the claims or defenses
13  and does not represent an agreement by the other party as to its accuracy or the
14  issues raised therein.

15     **A.**    <u>**Statement of the Case**</u>

16         1.  *ExxonMobil's Position*

17  The Board unlawfully denied ExxonMobil's application for the Project.  The
18  Board denied the Project based on, among other things, the California
19  Environmental Quality Act ("CEQA").  CEQA section 15093(a) "requires the
20  decision-making agency to balance, as applicable, the economic, legal, social,
21  technological, or other benefits, including region-wide or statewide environmental
22  benefits, of a proposed project against its unavoidable environmental risks when
23  determining whether to approve the project."  The Board did not respect this
24  statutory limit.  Instead, it concluded that the Project would be "detrimental to the
25  environment generally"—a conclusion that was not supported by substantial
26  evidence.  The Board abused its discretion and acted in an arbitrary, capricious, and
27  unlawful manner by disregarding the limits on review imposed by CEQA.
28  The County's Coastal Land Use Plan, Coastal Land Use Plan Policy 6-8(d),

Coastal Zoning Ordinance ("CZO") section 35-154.5(i), and Land Use and Development Code ("LUDC") section 35.52.060.B.10.b allow non-pipeline oil transportation if a pipeline is unavailable and the environmental impacts of the alternative transportation mode are mitigated to the maximum extent feasible. SYU's Development Plan expressly incorporates and authorizes ExxonMobil to transport oil by means other than a pipeline subject to these regulations. The Project meets these criteria. In denying the Project, the Board declared that transportation of oil by truck is not appropriate. This conclusion was not consistent with local ordinances and codes regulating the oil and gas industry, nor was it supported by substantial evidence. Thus, the denial of the Project constitutes a prejudicial abuse of discretion.

By this action, ExxonMobil seeks a writ of administrative mandate pursuant to California Code of Civil Procedure section 1094.5. ExxonMobil also seeks declaratory relief and damages arising from the Project denial.

*2. The Board's Position*

The Board's decision denying ExxonMobil's application to modify its development permit to allow the transport of crude oil by truck through Santa Barbara County rather than by pipeline, as permitted by the existing development permit, was not a prejudicial abuse of the Board's discretion and did not violate the Fifth Amendment of the U.S. Constitution, the California Constitution, the Commerce Clause, or any other federal or state law.

**B.    Legal Issues**

Key legal issues for the writ of administrative mandate include:

1. Whether the Board's denial of the Project was supported by substantial evidence, Cal. Code of Civ. Proc. § 1094.5(c);
2. Whether the Board prejudicially abused its discretion and acted in an arbitrary, capricious, and unlawful manner in excess of its jurisdiction by denying the Project; and

3. Whether the Board's denial of the Project violates the County's Coastal Land Use Plan and Coastal Land Use Plan Policy 6-8(d), as well as CZO section 35-154.5(i) and LUDC section 35.52.060.B.10.b.

Additional issues, to be resolved after the writ of administrative mandate, include:

4. Whether the Board's denial of the Project constitutes extraterritorial regulation of, discrimination against, or an undue burden on interstate commerce;

5. Whether the Board's denial of the Project constitutes an invalid exercise of police power; and

6. Whether ExxonMobil is entitled to just compensation pursuant to the Fifth Amendment to the United States Constitution and Article I, section 19 of the California Constitution for the denial of the Project and the amount of said compensation.

### C. Relief

*1. ExxonMobil's Position*

ExxonMobil seeks a writ of administrative mandate pursuant to California Code of Civil Procedure section 1094.5 compelling the Board to vacate and set aside the denial of the Project and directing the Board to reconsider the Project in light of the requirements of CEQA and all other applicable state and local policies, laws, ordinances, and regulations. ExxonMobil also seeks declaratory relief, just compensation, damages, and its attorneys' fees and costs.

*2. The Board's Position*

The Board denies all of ExxonMobil's claims for relief.

## II. PROPOSED SCHEDULE

### A. Bifurcation

The parties propose that the case be litigated in two phases and that all disclosures and discovery related to the second phase be stayed pending resolution

of the first.

Phase I would deal with ExxonMobil's first cause of action: petition for writ of administrative mandate. The parties anticipate that the administrative record will be the primary evidence for Phase I and that no additional discovery will be required. The parties agree that Phase I should be resolved by cross motions for summary judgment and that a trial will likely not be necessary. No additional motion practice is anticipated. Because the outcome of Phase I may resolve the case, this report does not include a Schedule of Pretrial & Trial Dates Worksheet. All dates applicable to Phase I are stated Section II. B, below.

Phase II would include all the remaining causes of action. The parties agree to meet and confer regarding Phase II and will submit a supplemental Joint Report, including a Schedule of Pretrial & Trial Dates Worksheet, if necessary after the resolution of Phase I.

**B.** **Phase I Timeline**

The parties agree to the following schedule for Phase I:

| Matter | Joint Requested Date |
|---|---|
| Administrative Record to be Filed | December 13, 2022 |
| Any Motion to Supplement or Complete the Administrative Record | January 13, 2022* |
| Board Motion for Summary Judgment | February 13, 2023 |
| ExxonMobil Cross-Motion for Summary Judgment and Opposition to Board Motion for Summary Judgment | March 30, 2023 |
| Board Reply on Motion for Summary Judgment and Opposition to ExxonMobil Cross-Motion for Summary Judgment | May 1, 2023 |
| ExxonMobil Reply on Cross-Motion for Summary Judgment | May 31, 2023 |
| Settlement Conference Completion Date | [TBD] |

*In the event that any motion to supplement or complete the administrative record

is timely filed, the remaining dates will be stayed and extended by 30 days following resolution of such motion.

The parties agree that either party, individually or collectively, may seek leave of the Court to change the foregoing dates for good cause.

### III.   DISCOVERY FOR PHASE I

#### A.   Status of Discovery

On June 6, 2022, ExxonMobil served the Board with a letter requesting that it prepare and certify the administrative record for the Project permit application proceedings.  Pursuant to California Code of Civil Procedure section 1094.6(c) and the above proposed schedule, the administrative record should be compiled and certified by the Board by no later than December 13, 2022.

#### B.   Proposed Discovery Plan

*1. Discovery Timing and Deadlines*

At this time, outside of the preparation and certification of the administrative record, the parties do not anticipate that additional discovery will be necessary for Phase I.  If possible, the Board will share a draft of the administrative record with ExxonMobil before lodging it with the Court, to minimize any need for motions regarding the administrative record.  ExxonMobil reserves its right to seek supplementation of the record, if necessary, after reviewing the Board's administrative record and a meet and confer by counsel.[1]

*2. Initial Disclosures*

The parties agree to defer or potentially forgo initial disclosures related to Phase I pending preparation and review of the administrative record.

---

[1] California Code of Civil Procedure section 1094.5, governing administrative writ petition proceedings, dictates that the court can consider extra-record evidence only if: (a) in the exercise of reasonable diligence the parties could not have produced the evidence during the underlying proceedings; or (b) the evidence was improperly excluded during the administrative proceedings.  Cal. Code of Civ. Proc. § 1094.5(e).

### 3. Preservation of Discoverable Information

The parties agree to meet and confer to negotiate a protocol for the production of any Electronically Stored Information ("ESI"), to the extent the need for ESI arises.

## IV.   MOTION PRACTICE FOR PHASE I

### A.   **Motions**

#### 1. Non-Dispositive Motions

At this time, the parties do not anticipate filing any non-dispositive motions for Phase I.

#### 2. Dispositive Motions

The parties anticipate that Phase I of this matter will be resolved by cross-motions for summary judgment based on a certified administrative record for the Project.

### B.   **Proposed Schedule of Law and Motion Matters**

#### 1. Non-Dispositive Motion Filing Deadline

At this time, the parties do not anticipate filing any non-dispositive motions for Phase I.

#### 2. Dispositive Motion Filing Deadline

The preparation and certification of the administrative record in this matter should be completed by no later than December 13, 2022. The parties propose the deadlines stated in Section II.B, above, which may be stayed and extended by 30 days following resolution of any motion to supplement the record, if necessary. The parties respectively reserve their rights to seek amendment to those proposed dates for good cause.

## V.   SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

The parties have not engaged in settlement discussions following the Board's decision denying the Project. The parties agree that ADR scheduling should be addressed after the resolution of Phase I. Among the Suggested ADR Procedures

under Local Rule 16-15.4, the parties agree to explore private mediation at that time.

## VI.   TRIAL FOR PHASE I

The parties anticipate that trial for Phase I is unlikely because the writ of administrative mandate should be resolved by motions for summary judgment. In the event the Phase I issues are not resolved on summary judgment, pursuant to California Code of Civil Procedure section 1094.5(a), the Court will decide ExxonMobil's mandamus claim without a jury.

## VII.   OTHER ITEMS

### A.   **Pleading Amendments**

The parties do not anticipate amending their pleadings.

### B.   **Additional Parties**

The parties do not anticipate adding other parties to this action.

### C.   **Counsel**

Lead counsel for ExxonMobil in this matter is Dawn Sestito.  Additional counsel may include Justine M. Daniels, James Auslander, and Jacob P. Duginski.

Lead counsel for the Board in this matter is Mary Pat Barry.

### D.   **Other Issues Affecting Status or Management of Case**

*1. ExxonMobil's Position*

ExxonMobil has requested that the Board prepare the administrative record from the hearing denying its permit application.  The Board has 190 days from the date of that request, June 6, 2022, to provide that record.  Cal. Code of Civ. Proc. § 1094.6(c).  Until ExxonMobil is in receipt of that record, it will not be in a position to prepare any anticipated motions.

*2. The Board's Position*

At this early stage, the Board is not aware of any other issues that would affect the status or management of the case.

**E.     Whether Magistrate Judge Will Preside**

The Board does not consent to have a mutually agreeable Magistrate Judge from the Court's Voluntary Consent List preside over this action for all purposes.

Dated:  July 28, 2022                    Respectfully submitted,

By:  /s/ Dawn Sestito
     Dawn Sestito

Attorney of Record for Petitioner and Plaintiff
Exxon Mobil Corporation

Dated:  July 28, 2022                    RACHEL VAN MULLEM
                                         COUNTY COUNSEL

By: /s/ Mary Pat Barry
    Mary Pat Barry
    Sr. Deputy County Counsel

Attorneys for Respondent and Defendant, Santa Barbara County Board of Supervisors

# CERTIFICATE OF SERVICE

On July 28, 2022, I caused a true and correct copy of the foregoing Joint Report to be served on all counsel of record by filing the document with this Court's electronic filing system. I hereby certify that I have served all counsel of record electronically.

*/s/ Justine Daniels*

Attorney of Record for Petitioner and Plaintiff Exxon Mobil Corporation