LINDA KROP (Bar No. 118773)
lkrop@environmentaldefensecenter.org
MARGARET M. HALL (Bar No. 293699)
mhall@environmentaldefensecenter.org
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Tel. (805) 963-1622 / Fax. (805) 962-3152
*Attorneys for Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, and Surfrider Foundation*

JULIE TEEL SIMMONDS (Bar No. 208282)
jteelsimmonds@biologicaldiversity.org
ELIZABETH JONES (Bar No. 326118)
ljones@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Tel. (510) 844-7100 / Fax. (510) 844-7150
*Attorneys for Center for Biological Diversity and Wishtoyo Foundation*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, | Case No. 2:22-cv-03225-DMG (MRWx) |
| Petitioner/Plaintiff, | |
| v. | **PROPOSED DEFENDANT-INTERVENORS' [PROPOSED] ANSWER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |
| SANTA BARBARA COUNTY BOARD OF SUPERVISORS, | |
| Respondent/Defendant, | |
| and | |
| ENVIRONMENTAL DEFENSE CENTER, GET OIL OUT!, SANTA BARBARA COUNTY ACTION NETWORK, SIERRA CLUB, SURFRIDER FOUNDATION, CENTER FOR BIOLOGICAL DIVERSITY, and WISHTOYO FOUNDATION, | Hon. Dolly Gee |
| Proposed Defendant/Intervenors. | Hearing: October 21, 2022<br>Time: 9:30 a.m.<br>Place: Courtroom 8C,<br>350 West 1st Street, Los Angeles |

Defendant-Intervenors Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, Surfrider Foundation, Center for Biological Diversity, and Wishtoyo Foundation (collectively "Defendant-Intervenors") hereby answer and respond to Petitioner and Plaintiff Exxon Mobil Corporation's ("ExxonMobil") Verified Petition for Writ of Mandate and Complaint for Declaratory Relief and Damages ("Petition"), as follows:

## **INTRODUCTION**

1.      In response to paragraph 1, Defendant-Intervenors admit that this case involves the denial of a permit application and that the requested project would permit trucking on an interim basis for ExxonMobil's Santa Ynez Unit ("SYU"). Except as so admitted, paragraph 1 contains legal assertions, arguments, or conclusions that are not material allegations, and to which no response is required. To the extent these legal assertions, arguments, or conclusions may be interpreted to assert material allegations, Defendant-Intervenors dispute the characterization of the Santa Barbara County Board of Supervisor's ("Board") decision and the reasons for that decision, and on that basis, deny the allegations.

2.      In response to paragraph 2, Defendant-Intervenors admit that the SYU consists of three offshore platforms—Hondo, Heritage, and Harmony—located on submerged land leased from the United States in federal waters off the Santa Barbara County coast—and an onshore processing center ("LFC") located in Las Flores Canyon near Goleta. Except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

3.      In response to paragraph 3, Defendant-Intervenors admit that ExxonMobil built LFC and started transporting SYU oil to refineries via pipeline. Except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

4. In response to paragraph 4, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

5. In response to paragraph 5, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

6. In response to paragraph 6, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

7. In response to paragraph 7, Defendant-Intervenors admit that on May 19, 2015, one of the two pipelines used to transport SYU crude oil ruptured and that Plains All American Pipeline, LLC ("Plains"), the owner and operator of the pipelines, shut down both pipelines. Defendant-Intervenors admit that Plains' pipelines were ExxonMobil's only transportation option to transport SYU oil and that about a month after the pipeline rupture, ExxonMobil suspended SYU operations and initiated preservation efforts. Based on information and belief, Defendant-Intervenors admit that after the pipeline rupture, ExxonMobil trucked its remaining inventory—approximately 400,000 barrels of oil—to the Phillips 66 Santa Maria Pump Station. Except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

8. In response to paragraph 8, Defendant-Intervenors admit that on September 22, 2017, ExxonMobil submitted a permit application to the County of Santa Barbara (the "County") for the Interim Trucking for Santa Ynez Unit Phased Restart Project, Case No. 17RVP-00000-00081, seeking approval of a revision of Development Plan No. 87-DP-32cz (the "Development Plan") to allow ExxonMobil to transport crude oil via truck for up to seven years or until a pipeline becomes available, whichever is shorter (the "Project"), and that permit approval would enable Exxon facilities resume crude oil

production and processing. As to the second and third sentences, Defendant-Intervenors deny that the 2017 permit application sought approval to truck oil to the Phillips 66 Santa Maria Pump Station "until it closes, and then to the Plains Pentland Terminal" in Kern County. As to the fourth sentence, ExxonMobil's allegation regarding what constitutes the "baseline" for the Project is a legal conclusion that does not require an answer. Except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

9.      In response to paragraph 9, Defendant-Intervenors admit that hearings were held, giving the public and interested groups opportunities to comment on the Project. Defendant-Intervenors admit that pursuant to the California Environmental Quality Act, the County's staff prepared a Revised Final Supplemental Environmental Impact Report dated August 2021 ("Final SEIR"). Except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

10.      In response to paragraph 10, Defendant-Intervenors admit that on September 8, 2021, the County's Planning & Development staff issued a report (the "Staff Report"). No response is necessary as to the descriptions of the Staff Report because the document speaks for itself. To the extent that the remaining allegations may be deemed to require an answer, Defendant-Intervenors deny the remaining allegations to the extent that they are inconsistent with that document.

11.      In response to paragraph 11, no response is necessary because the Staff Report speaks for itself. To the extent these allegations may be deemed to require an answer, Defendant-Intervenors deny the allegations to the extent that they are inconsistent with that document.

12.      In response to paragraph 12, no response is necessary because the Staff Report speaks for itself. To the extent these allegations may be deemed to require an

answer, Defendant-Intervenors deny the allegations to the extent that they are inconsistent with that document.

13.     In response to paragraph 13, no response is necessary to the remaining allegations of paragraph 13 because the Staff Report speaks for itself. To the extent the remaining allegations may be deemed to require an answer, Defendant-Intervenors deny the remaining allegations to the extent that they are inconsistent with that document.

14.     In response to paragraph 14, Defendant-Intervenors admit that on September 29, 2021, the County's Planning Commission ("Commission") voted, three to two, to not recommend the Project and to direct Planning & Development staff to prepare findings for denial of the Project. Except as so admitted, no response is necessary to the remaining allegations of paragraph 14 because they contain conclusions of law and argument and because the Commission's documented action, contents of the Staff Report and the Final SEIR, and related documents speak for themselves. To the extent that any remaining allegations may be deemed to require an answer, Defendant-Intervenors deny the remaining allegations.

15.     In response to paragraph 15, Defendant-Intervenors admit that on March 8, 2022, the Board voted, three to two, to deny the Project, as recommended by the Commission. Except as so admitted, Defendant-Intervenors deny the remaining allegations in that paragraph.

16.     In response to paragraph 16, no response is necessary because ExxonMobil's allegations are conclusions of law. To the extent a response is necessary, Defendant-Intervenors deny the allegations in that paragraph.

17.     In response to paragraph 16, no response is necessary because ExxonMobil's allegations are conclusions of law. To the extent a response is necessary, Defendant-Intervenors deny the allegations in that paragraph.

18.     In response to paragraph 18, Defendant-Intervenors admit that ExxonMobil requests the relief stated in that paragraph. Except as so admitted, Defendant-Intervenors deny the remaining allegations in that paragraph.

**JURISDICTION AND VENUE**

19.     In response to paragraph 19, no response is necessary because ExxonMobil's allegations are conclusions of law. To the extent a response is necessary, Defendant-Intervenors deny the allegations in that paragraph.

20.     In response to paragraph 20, no response is necessary because ExxonMobil's allegations are conclusions of law. To the extent a response is necessary, Defendant-Intervenors deny the allegations in that paragraph.

21.     In response to paragraph 21, no response is necessary because ExxonMobil's allegations are conclusions of law. To the extent a response is necessary, Defendant-Intervenors deny the allegations in that paragraph.

22.     In response to paragraph 22, Defendant-Intervenors admit the allegations in that paragraph.

**PARTIES**

23.     In response to paragraph 23, Defendant-Intervenors admit that SYU consists of LFC, located in Las Flores Canyon, and Platforms Hondo Heritage, and Harmony. Except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

24.     In response to paragraph 24, Defendant-Intervenors admit the allegations in that paragraph.

**GENERAL ALLEGATIONS**

25.     In response to paragraph 25, Defendant-Intervenors admit that Attachment A to the Staff Report, Findings for Approval, at page A-10 (cited in footnote 3), states that from 2016 to 2020, ExxonMobil's property tax payments associated with LFC and the Pacific Offshore Pipeline Company facility were between $1 million and $1.7 million per year. Except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

26.     In response to paragraph 26, Defendant-Intervenors admit that in September 2017, ExxonMobil submitted to the County an application seeking approval of the Project. Defendant-Intervenors admit that as part of the Project, ExxonMobil sought to install and operate a new tanker truck loading rack and attendant equipment at the LFC facility. Except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

27.     In response to paragraph 27, Defendant-Intervenors admit that the permit application asks that ExxonMobil be allowed to re-start offshore oil production at the Santa Ynez Unit and processing at the LFC. ExxonMobil's allegations in the second and third sentences regarding what constitutes the "baseline" for the Project and a "vested right" are legal conclusions and do not require answers. To the extent a response is necessary, and except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

28.     In response to paragraph 28, Defendant-Intervenors admit the allegations in that paragraph.

29.     In response to paragraph 29, no response is necessary because the SEIR speaks for itself. To the extent these allegations may be deemed to require an answer, Defendant-Intervenors deny the allegations to the extent that they are inconsistent with that document. In response to the allegations in the second sentence, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that sentence, and on that basis deny the allegations therein.

30.     In response to paragraph 30, Defendant-Intervenors admit that the Staff Report proposed conditions of approval, including those listed by ExxonMobil. The Staff Report speaks for itself. Except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

31.     In response to paragraph 31, Defendant-Intervenors admit that ExxonMobil stated it would accept the recommendations proposed in the Staff Report. The Staff Report speaks for itself. Except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

32.     In response to paragraph 32, Defendant-Intervenors admit that the risk of oil spills from the Project cannot be eliminated or reduced to less than significant levels. Except as so admitted, paragraph 32 contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report. To the extent these allegations may be deemed to require an answer, the Staff Report speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with that document. Except as so admitted and denied, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

33.     In response to paragraph 33, Defendant-Intervenors admit that the Project included proposed conditions of approval were designed to reduce the impacts on air quality and climate change/greenhouse gas emissions. Except as so admitted, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report. To the extent these allegations may be deemed to require an answer, the Staff Report speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with that document. Except as so admitted and denied, Defendant-Intervenors deny the allegations in that paragraph.

34.     In response to paragraph 34, Defendant-Intervenors admit that the Staff Report concludes that proposed air quality and greenhouse gas emission measures would reduce air quality and greenhouse gas impacts to less than significant levels. Except as so admitted, Defendant-Intervenors deny the allegations in that paragraph.

35.     In response to paragraph 35, Defendant-Intervenors admit that the Project was modified to reduce its potential impact on traffic volumes and safety, and that that

the Staff Report concludes that traffic impacts would be reduced to less than significant levels. Except as so admitted, Defendant-Intervenors deny the allegations in that paragraph.

36.     In response to paragraph 36, Defendant-Intervenors admit that in September 2021, the County's Planning & Development staff issued the Staff Report. Except as so admitted, paragraph 36 contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report. To the extent these allegations may be deemed to require an answer, the Staff Report speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with that document.

37.     In response to paragraph 37, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report and Attachment A to the Staff Report. To the extent these allegations may be deemed to require an answer, the Staff Report and Attachment A to the Staff Report speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with those documents. Except as so denied, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

38.     In response to paragraph 38, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report and Attachment A to the Staff Report. To the extent these allegations may be deemed to require an answer, the Staff Report and Attachment A to the Staff Report speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Except as so denied, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

39.     In response to paragraph 39, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report and Attachment A to the Staff Report. To the extent these allegations may be deemed to require an

answer, the Staff Report and Attachment A to the Staff Report speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Except as so denied, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

40. In response to paragraph 40, Defendant-Intervenors admit that the Project came before the Commission on September 29, 2021; Defendant-Intervenors admit that Planning & Development staff made a presentation in support of the Commission recommending that the Board approve the Project; and Defendant-Intervenors admit that the Commission did not recommend that the Board approve the Project. Except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

41. In response to paragraph 41, Defendant-Intervenors admit the allegations in that paragraph.

42. In response to paragraph 42, Defendant-Intervenors deny the allegations in that paragraph.

43. In response to paragraph 43, Defendant-Intervenors deny the allegations contained in the first sentence. The second and third sentences purport to paraphrase or characterize the documented actions of the Commission. To the extent these allegations may be deemed to require an answer, the documented actions of the Commission speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documented actions.

44. In response to paragraph 44, Defendant-Intervenors admit that pursuant to the Commission's instructions, Planning & Development staff returned with a memorandum and Findings for Denial. Except as so admitted, Defendant-Intervenors deny the allegations in that paragraph.

45.     In response to paragraph 45, Defendant-Intervenors admit the allegations in that paragraph.

46.     In response to paragraph 46, Defendant-Intervenors admit that on March 8, 2022, by a vote of three to two, the Board followed the Commission's recommendation to deny the Project. Defendant-Intervenors admit that the Board was unable to make the finding that there was substantial evidence in the record to support a determination that that benefits of the Project outweigh the significant and unmitigable impacts on the environment; was unable to make a finding of Overriding Considerations; and was unable to make the findings required by the County Land Use and Development Code ("LUDC") subsections 35.82.080.E.1(c) and (e) and Article II Coastal Zoning Ordinance ("CZO") subsections 35-174.7.1(c) and (e). Except as so admitted, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Board's Findings for Denial, Staff Report, and Final SEIR. To the extent these allegations may be deemed to require an answer, the Board's Findings for Denial, Staff Report, and Final SEIR speak for themselves, and Defendant-Intervenors deny the allegations to the extent they are inconsistent with these documents.

47.     In response to paragraph 47, the first sentence is a legal conclusion that does not require a response. The rest of paragraph 47 contains conclusory statements purporting to paraphrase or characterize documented actions of the Board, the Staff Report, Attachment A to the Staff Report, and Final SEIR. To the extent these allegations may be deemed to require an answer, the documented actions and documents speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with them. Except as so denied, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

48.     In response to paragraph 48, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

49.     In response to paragraph 49, Defendant-Intervenors deny the allegations in that paragraph.

50.     In response to paragraph 50, Defendant-Intervenors admit that the Board noted that economic benefits arising from local jobs and local expenditures "may not be as secure or as high quality as indicated by [ExxonMobil] and they do not outweigh the unavoidable adverse environmental impacts of the Project." Except as so admitted, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report and Attachment A to the Staff Report. To the extent these allegations may be deemed to require an answer, the Staff Report and Attachment A to the Staff Report speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Except as so admitted and denied, Defendant-Intervenors deny the remaining allegations.

51.     In response to paragraph 51, Defendant-Intervenors admit that the Board's Findings for Denial state that the potential economic benefits of the Project were "substantially less than those of the County's coastal hospitality industry, which is significantly threatened by the possibility of oil spills." Except as so admitted, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Final SEIR. To the extent these allegations may be deemed to require an answer, the Final SEIR and evidence from the proceedings speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with the Final SEIR and evidence from the proceedings. Except as so admitted and denied, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

52.     In response to paragraph 52, said paragraph contains conclusory statements and argument purporting to paraphrase or characterize Board's Findings for Denial, the Staff Report, and Final SEIR. To the extent these allegations and argument may be deemed to require an answer, the Findings for Denial, the Staff Report, and Final SEIR

speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents.

53.    In response to paragraph 53, the first sentence is a legal conclusion that does not require a response. Defendant-Intervenors deny the remaining allegations in that paragraph.

54.    In response to paragraph 54, Defendant-Intervenors deny the allegations in that paragraph.

55.    In response to paragraph 55, Defendant-Intervenors deny the allegations in that paragraph. To the extent this paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report, Attachment A to the Staff Report, and to the extent those allegations may be deemed to require an answer, the Final SEIR, the Staff Report, Attachment A to the Staff Report, and the Final SEIR speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents.

56.    In response to paragraph 56, said paragraph contains conclusory statements purporting to paraphrase or characterize Board's Findings for Denial. To the extent these allegations may be deemed to require an answer, the Findings for Denial speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with that document. Except as so denied, Defendant-Intervenors deny all remaining allegations.

57.    In response to paragraph 57, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report. To the extent these allegations may be deemed to require an answer, the Staff Report speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with that document.

58.    In response to paragraph 58, Defendant-Intervenors deny the allegations in the first sentence. The second sentence contains conclusory statements purporting to paraphrase or characterize the contents of the ExxonMobil Interim Trucking Permit

Project Revised Traffic & Circulation Study and the comments of Caltrans. To the extent these allegations may be deemed to require an answer, the ExxonMobil Interim Trucking Permit Project Revised Traffic & Circulation Study and comments speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with them.

59.     In response to paragraph 59, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Final SEIR. To the extent these allegations may be deemed to require an answer, the Final SEIR speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with that document. Except as so denied, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

60.     In response to paragraph 60, said paragraph contains argument and conclusory statements purporting to paraphrase or characterize the contents of the Board's Findings for Denial, Attachment B to the Staff Report (Conditions of Approval for Modified Interim Trucking Project), the County's Public Works Department Letter dated July 21, 2020, and the Final SEIR. To the extent these allegations may be deemed to require an answer, the Board's Findings for Denial, Attachment B to the Staff Report, the County's Public Works Department letter dated July 21, 2020, and the Final SEIR speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Except as so denied, Defendant-Intervenors deny all remaining allegations.

61.     In response to paragraph 61, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report, Attachment A to the Staff Report, and the Final SEIR. To the extent these allegations may be deemed to require an answer, the Staff Report, Attachment A to the Staff Report, and the Final SEIR speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents.

62.     In response to paragraph 62, Defendant-Intervenors deny the allegations in the first and second sentences. The third sentence is a legal conclusion that does not require a response. Defendant-Intervenors deny the allegations in the third sentence of paragraph 62.

63.     In response to paragraph 63, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Board of Supervisors' letter and evidence from the proceedings. To the extent these allegations may be deemed to require an answer, the letter and evidence speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with them. Except as so denied, Defendant-Intervenors deny all remaining allegations.

64.     In response to paragraph 64, Defendant-Intervenors deny the allegations in that paragraph.

65.     In response to paragraph 65, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report, the County's Coastal Land Use Plan, and the County's Coastal Land Use Plan Policy 6-8. To the extent these allegations may be deemed to require an answer, the Staff Report, the County's Coastal Land Use Plan, and the County's Coastal Land Use Plan Policy 6-8 speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Except as so denied, Defendant-Intervenors deny the remaining allegations.

66.     In response to paragraph 66, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report, the County's CZO, and the County's LUDC. To the extent these allegations may be deemed to require an answer, the Staff Report, the County's CZO, and the County's LUDC speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents.

67.     In response to paragraph 67, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Development Plan, the Staff

Report, and Attachment B to the Staff Report. To the extent these allegations may be deemed to require an answer, the Development Plan, the Staff Report, and Attachment B to the Staff Report speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents.

68.     Paragraph 68 contains legal conclusions or arguments that do not require a response and contains conclusory statements purporting to paraphrase or characterize the contents of the CZO section 35-154.5(i) and LUDC section 35.52.060.B.10.b. To the extent these allegations may be deemed to require an answer, CZO section 35-154.5(i) and LUDC section 35.52.060.B.10.b speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Defendant-Intervenors deny all remaining allegations in that paragraph.

69.     In response to paragraph 69, Defendant-Intervenors deny that the Board's denial was not based on any purported flaw or safety concern. With respect to the remaining allegations in the paragraph, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report, Attachment A to the Staff Report, and statements of members of Defendant-Intervenors. To the extent these allegations may be deemed to require an answer, the Staff Report, Attachment A to the Staff Report, and recorded statements of members of Defendant-Intervenors speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with these documents. Defendant-Intervenors deny all remaining allegations in that paragraph.

70.     In response to paragraph 70, Defendant-Intervenors deny the allegations in that paragraph.

71.     In response to paragraph 71, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

72.     In response to paragraph 72, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

73.     In response to paragraph 73, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

74.     In response to paragraph 74, the first sentence states a legal conclusion or argument that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in the first sentence of paragraph 74. The second sentence contains conclusory statements purporting to paraphrase or characterize the contents of the Staff Report and Final SEIR. To the extent the allegations may be deemed to require an answer, the Staff Report and Final SEIR speak for themselves and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with those documents.

75.     In response to paragraph 75, Defendant-Intervenors admit that that Project approval would enable Exxon facilities to resume crude oil production and processing. As to the first sentence, ExxonMobil's allegation regarding what constitutes the "baseline" for the Project is a legal conclusion that does not require an answer. To the extent a response is required, and except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the remaining allegations in that paragraph, and on that basis deny the remaining allegations therein.

76.     In response to paragraph 76, that paragraph states a legal conclusion or argument that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations. To the extent the allegations rely on the Staff Report, the Report speaks for itself and Defendant-Intervenors deny the allegations to the extent that they are inconsistent with that document.

77.     In response to paragraph 77, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### Petition for Writ of Administrative Mandate

### (Cal. Code Civ. Proc. § 1094.5)

78.     In response to paragraph 78, Defendant-Intervenors incorporate by reference their responses to the previous paragraphs.

79.     In response to paragraph 79, Defendant-Intervenors admit that ExxonMobil requests the relief stated in that paragraph. Except as so admitted, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the remaining allegations in that paragraph.

80.     In response to paragraph 80, the first sentence states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in the first sentence of paragraph 80. Defendant-Intervenors deny the remaining allegations in paragraph 80.

81.     In response to paragraph 81, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

82.     In response to paragraph 82, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

83.     In response to paragraph 83, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

84.     In response to paragraph 84, that paragraph contains legal assertions, arguments, or conclusions to which no response is required. To the extent that paragraph

84 may be interpreted to assert material allegations, Defendant-Intervenors admit that California Code of Regulations, title 14, section 15093(a) contains the language in quotation marks.

85. In response to paragraph 85, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

86. In response to paragraph 86, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

87. In response to the allegations paragraph 87, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

88. In response to paragraph 88, no response is necessary because the County's Coastal Land Use Plan and Local Coastal Plan Policy 6-8(d) speak for themselves. The paragraph also states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

89. In response to paragraph 89, no response is necessary because CZO section 35-154.5(a), LUDC section 35.52.060.B.10.b, and Development Plan speak for themselves. The paragraph also states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

90. In response to paragraph 90, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

91. In response to paragraph 91, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

92.     In response to paragraph 92, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in the first sentence of that paragraph, and on that basis deny the allegations therein. The second sentence states a legal argument or conclusion that does not require a response; to the extent a response is required, Defendant-Intervenors deny the allegations in that sentence.

93.     In response to paragraph 93 Defendant-Intervenors admit that ExxonMobil requests the relief stated in that paragraph. Except as so admitted, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the remaining allegations in that paragraph.

**SECOND CAUSE OF ACTION**

**Declaratory Relief, or in the Alternative, Petition for Writ of Mandate—**

**Unconstitutional Taking of Property**

**(28 U.S.C. §§ 2201, 2202; Cal. Code Civ. Proc. § 1094.5, in the alternative)**

94.     In response to paragraph 94, Defendant-Intervenors incorporate by reference their responses to the previous paragraphs.

95.     In response to paragraph 95, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

96.      In response to paragraph 96, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

97.     In response to paragraph 97, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

98.     In response to paragraph 98, the first, fourth, fifth, sixth, seventh, and eight sentences state legal arguments or conclusions that do not require a response. Defendant-Intervenors also lack sufficient knowledge or information to admit or deny the allegations in the second, fourth, and ninth sentences of that paragraph, and on that basis deny the

allegations therein. To the extent paragraph 98 refers to the County's Coastal Land Use Plan, Local Coastal Plan Policy 6-8(d), CZO section 35-154.5(i), and LUDC section 35.52.060.B.10.b, these documents speak for themselves. To the extent this paragraph may be interpreted to assert material allegations, Defendant-Intervenors deny the allegations.

99.    In response to paragraph 99, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

100.   In response to paragraph 100, Defendant-Intervenors admit that ExxonMobil requests the relief stated in that paragraph. Except as so admitted, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the remaining allegations in that paragraph.

101.   On response to paragraph 101, Defendant-Intervenors admit that ExxonMobil requests the relief stated in that paragraph. Except as so admitted, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the remaining allegations in that paragraph.

**THIRD CAUSE OF ACTION**

**Declaratory Relief and Damages—United States Constitution**

**Commerce Clause**

**(28 U.S.C. §§ 2201, 2202; 42 U.S.C. § 1983)**

102.   In response to paragraph 102, Defendant-Intervenors incorporate by reference their responses to the previous paragraphs.

103.   In response to paragraph 103, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

104.   In response to paragraph 104, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

105.   In response to paragraph 105, Defendant-Intervenors deny the allegations in that paragraph.

106.   In response to paragraph 106, Defendant-Intervenors deny the allegations in that paragraph.

107.   In response to paragraph 107, Defendant-Intervenors deny the allegations in that paragraph.

108.   In response to paragraph 108, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

109.   In response to paragraph 109, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny that the Project denial is a total, discriminatory ban on transportation of oil and gas.

110.   110. In response to paragraph 110, Defendant-Intervenors deny the allegations in that paragraph.

111.   In response to paragraph 111, Defendant-Intervenors deny the allegations in that paragraph.

112.   In response to paragraph 112, Defendant-Intervenors admit the allegations in that paragraph.

113.   In response to paragraph 113, the paragraph states legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

114.   In response to paragraph 114, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

115.   In response to paragraph 115, Defendant-Intervenors admit that ExxonMobil requests the relief stated in that paragraph. Except as so admitted, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the remaining allegations in that paragraph.

## FOURTH CAUSE OF ACTION

### Declaratory Relief—California Constitution

### (28 U.S.C. §§ 2201, 2202)

116.   In response to paragraph 116, Defendant-Intervenors incorporate by reference their responses to the previous paragraphs.

117.   In response to paragraph 117, the paragraph states a legal argument or conclusion that does not require a response.

118.   In response to paragraph 118, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

119.   In response to paragraph 119, Defendant-Intervenors deny the allegations in that paragraph.

120.   In response to paragraph 120, Defendant-Intervenors deny the allegations in that paragraph.

121.   In response to paragraph 121, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

122.   In response to paragraph 122, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

123.   In response to paragraph 123, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

124.   In response to paragraph 124, Defendant-Intervenors admit that ExxonMobil requests the relief stated in that paragraph. Except as so admitted, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the remaining allegations in that paragraph.

**FIFTH CAUSE OF ACTION**

**Declaratory Relief—Illegal Exercise of Police Power**

**(28 U.S.C. §§ 2201, 2202)**

125.   In response to paragraph 125, Defendant-Intervenors incorporate by reference their responses to the previous paragraphs.

126.   In response to paragraph 126, the paragraph states a legal argument or conclusion that does not require a response.

127.   In response to paragraph 127, the paragraph states a legal argument or conclusion that does not require a response. To the extent this paragraph may be interpreted to assert material allegations, Defendant-Intervenors admit that the Constitution of the State of California, Article XI, section 7 contains the language in quotation marks.

128.   In response to paragraph 128, the paragraph states a legal argument or conclusion that does not require a response.

129.   In response to paragraph 129, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

130.   In response to paragraph 130, Defendant-Intervenors deny the allegations in that paragraph.

131.   In response to paragraph 131, Defendant-Intervenors admit that ExxonMobil requests the relief stated in that paragraph. Except as so admitted, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the remaining allegations in that paragraph.

# SIXTH CAUSE OF ACTION

## Inverse Condemnation—Unconstitutional Taking of Property

## (42 U.S.C.  § 1983; U.S. Const. amend. V; Cal. Const. art. I, § 19)

132. In response to paragraph 132, Defendant-Intervenors incorporate by reference their responses to the previous paragraphs.

133. In response to paragraph 133, Defendant-Intervenors lack sufficient knowledge or information to admit or deny the allegations in that paragraph, and on that basis deny the allegations therein.

134. In response to paragraph 134, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

135. In response to paragraph 135, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

136. In response to paragraph 136, the first, fourth, fifth, sixth, seventh, and eight sentences state legal arguments or conclusions that do not require a response. Defendant-Intervenors also lack sufficient knowledge or information to admit or deny the allegations in the second, fourth, and ninth sentences of that paragraph, and on that basis deny the allegations therein. To the extent paragraph 136 refers to the County's Coastal Land Use Plan, Local Coastal Plan Policy 6-8(d), CZO section 35-154.5(i), and LUDC section 35.52.060.B.10.b, these documents speak for themselves. To the extent this paragraph may be interpreted to assert material allegations, Defendant-Intervenors deny the allegations.

137. In response to paragraph 137, the paragraph states a legal argument or conclusion that does not require a response. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

///

///

## AFFIRMATIVE DEFENSES

Defendant-Intervenors are informed and believe, and on such information and belief, allege the affirmative defenses set forth below. By alleging these defenses, Defendant-Intervenors do not admit that they have the burden of proof and/or burden of persuasion as to any of these defenses.

### First Affirmative Defense

The relief ExxonMobil seeks, if granted, would improperly interfere with the Board's lawful exercise of its authority and discretion.

### Second Affirmative Defense

ExxonMobil has failed, refused, and neglected to reasonably mitigate its damages, which bars or diminishes any recovery.

### Third Affirmative Defense

The Board is not liable for ExxonMobil's injuries and damages, if there were any, caused by denial of the Project pursuant to California Government Code section 818.4.

### Fourth Affirmative Defense

The Board is not liable for ExxonMobil's injuries and damages, if there were any, caused by denial of the Project pursuant to California Government Code section 815.

### Fifth Affirmative Defense

The causes of action asserted in the Petition are barred by the doctrines of waiver and estoppel.

### Sixth Affirmative Defense

The Board is not liable in that ExxonMobil's injuries and damages, if there were any, were caused by the acts or omissions of other persons or entities, and not by Defendants.

WHEREFORE, Defendant-Intervenors respectfully pray that:

1. ExxonMobil's petition for a writ of mandate be denied in its entirety;

2. ExxonMobil's complaint for declaratory relief be denied;

3.      ExxonMobil take nothing by reason of its complaint for damages and that judgment be rendered in favor of the Defendants;

4.      Defendants and Defendant-Intervenors recover their costs in this proceeding, along with attorneys' fees to the extent permitted by law; and

5.      The Court award to Defendants and Defendant-Intervenors such other and further relief as it considers just and proper.

Respectfully submitted this 1st day of September, 2022.

/s/ *Margaret M. Hall*
Margaret M. Hall (Bar No. 293699)
mhall@environmentaldefensecenter.org
Linda Krop (Bar No. 118773)
lkrop@environmentaldefensecenter.org
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Tel. (805) 963-1622 /Fax. (805) 962-3152
*Attorneys for Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, Surfrider Foundation*

/s/ *Julie Teel Simmonds*
Julie Teel Simmonds (Bar No. 208282)
jteelsimmonds@biologicaldiversity.org
Elizabeth Jones (Bar No. 326118)
ljones@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Tel. (510) 844-7100 / Fax. (510) 844-7150
*Attorneys for Center for Biological Diversity and Wishtoyo Foundation*

I, Julie Teel Simmonds, in accordance with Local Rule 5-4.3.4(a)(2)(i), attest that Margaret M. Hall has reviewed the pleading presented above, concurred in the content, and authorized the filing of this document bearing her signature with the Court.

/s/ Julie Teel Simmonds
JULIE TEEL SIMMONDS
*Attorney for Defendant-Intervenors Center for Biological Diversity and Wishtoyo Foundation*