UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-3225-DMG (MRWx)** | | Date | November 1, 2022 |
|---|---|---|---|---|
| Title | *Exxon Mobil Corporation v. Santa Barbara County Board of Supervisors* | | Page | 1 of 8 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING MOTION TO INTERVENE [18]**

Petitioner and Plaintiff Exxon Mobil Corporation ("ExxonMobil") filed this action on May 11, 2022 against Respondent and Defendant Santa Barbara County Board of Supervisors ("the Board"), asserting claims arising out of the Board's denial of a trucking permit. Compl. [Doc. # 1]. The Board filed its Answer on June 24, 2022. [Doc. # 12.]

Seven non-profit environmental organizations, Environmental Defense Center ("EDC"), Get Oil Out! ("GOO!"), Santa Barbara County Action Network ("SBCAN"), Sierra Club, Surfrider Foundation, the Center for Biological Diversity ("CBD"), and Wishtoyo Foundation (collectively, "Proposed Intervenors"), now move to intervene and file an Answer pursuant to Federal Rule of Civil Procedure 24. [Doc. # 18.] The motion is fully briefed, and while the Board does not oppose the motion, ExxonMobil does. [*See* Doc. ## 20 (statement of non-opposition), 22 (ExxonMobil's Opposition), 23 (Reply).][1] The Court has carefully considered the parties' arguments and, for the reasons set forth herein, **GRANTS** the motion.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

Since the 1970s, ExxonMobil has operated three offshore oil platforms and an onshore crude oil processing center in Santa Barbara County, which are collectively known as the "Santa Ynez Unit." Compl. ¶ 2. Until 2015, ExxonMobil used two pipelines to transport the oil out of the County, but on May 19, 2015, one of the pipelines ruptured, after which both pipelines were shut down. *Id.* at ¶ 7. ExxonMobil continues to maintain its well at the Santa Ynez Unit, but because the pipelines were the only way to transport oil from the Unit, operations at the Unit have been suspended since 2015. *Id.* at ¶¶ 7, 25.

---

[1] Movants' original Notice of Motion inaccurately stated that the Board opposed the motion and Exxon did not. Movants filed a Notice of Errata to correct the mistake. [*See* Doc. # 19.]

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-3225-DMG (MRWx) | Date | November 1, 2022 |
| Title | *Exxon Mobil Corporation v. Santa Barbara County Board of Supervisors* | Page | 2 of 8 |

     Without a pipeline, ExxonMobil began to look for a new way to transport oil so that it could restart its operations at the Santa Ynez Unit. Thus, on September 22, 2017, ExxonMobil applied for a permit to transport oil by truck to the Phillips 66 Santa Maria Pump Station in Santa Barbara County, and after the Santa Maria Pump Station closes, to the Plains Pentland Terminal in Kern County (the "Project"). Compl. ¶ 8. ExxonMobil proposed to truck its oil along the highways until a pipeline becomes available, for a period up to seven years. *Id*. at ¶ 8.

     Because the Project required an amendment to the Development Plan for the Santa Ynez Unit, the County prepared a Supplemental Environmental Impact Report ("SEIR"). Compl. ¶ 9; Linda Krop Decl. ¶ 10 [Doc. # 18-7]. EDC and CBD submitted comments on a Draft SEIR in which they identified impacts they believed the draft had inadequately analyzed, including greenhouse gas emissions, air quality impacts, and the risk of accidents and oil spills. *See* Krop Decl. ¶ 10; Brendan Cummings Decl. ¶ 22 [Doc. # 18-2]. A Final SEIR was released in 2020, and based on its findings, County Planning & Development staff recommended approval of the Project, with certain limitations, including that trucking be allowed to the Santa Maria Pump Station only. Krop Decl. ¶ 11. After Phillips 66 announced its intention to close the Santa Maria Pump Station at the end of 2022, though, the SEIR was revised, and the Planning & Development staff issued a new staff report (the "Staff Report"). *Id*. at ¶ 12.

     The new Staff Report recommended approval of the Project, including trucking to both the Santa Maria Pump Station and the Plains Pentland Terminal. Krop Decl. ¶ 12; Compl. ¶¶ 10-12, 36. In particular, the Staff Report found that the Project complied with the California Environmental Quality Act ("CEQA") by mitigating unavoidable impacts to the maximum extent feasible and mitigating significant impacts to air quality, greenhouse gas ("GHG") emissions, and traffic to the point of insignificance. Compl. ¶¶ 10, 37. The Staff Report also concluded that the risk posed by the unmitigable impact, oil spills, was outweighed by the Project's benefits, which included the availability of locally-produced oil and economic benefits to the County. *Id*. at ¶¶ 11, 38. The Proposed Intervenors again submitted comments opposing the Project and participated in a public hearing before the County Planning Commission. Krop Decl. ¶ 12.

     The Planning Commission disagreed with its staff, and voted three to two to recommend that the Board deny ExxonMobil's permit application. Compl. ¶¶ 14, 41, 45. The Planning Commission found that the benefits of the Project did not outweigh the risk of oil spills, and that State Route 166, which would see a large increase in truck traffic as a result of the Project, was inadequate for the project. *Id*. at ¶¶ 14, 42-45. The Planning Commission also found that the Project would be detrimental to the general welfare, health, and safety of the neighborhood. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-3225-DMG (MRWx) | Date | November 1, 2022 |
| Title | *Exxon Mobil Corporation v. Santa Barbara County Board of Supervisors* | Page | 3 of 8 |

at ¶¶ 14, 42-25.  The Board voted three to two to adopt the Planning Commission's recommendation, and denied the Project.  *Id*. at ¶ 15.

ExxonMobil contends that the Board's findings were not supported by substantial evidence, and that its denial of the Project was arbitrary and capricious.  Compl. ¶¶ 16-17.  ExxonMobil also contends that the denial violated the Constitutions of the United States and California by (1) enacting a taking and (2) unjustifiably discriminating against commerce of oil in or through the County, and constituted an illegal exercise of the County's police powers.  *Id*. at ¶ 17.  ExxonMobil asks the Court to vacate the permit denial, and seeks declaratory relief and damages.  *Id*. at ¶ 18.

On September 20, 2022, pursuant to the parties' Joint Rule 26(f) Report, the Court bifurcated this action into two phases.  [Doc. # 21.]  In Phase I, the parties will file cross-motions for summary judgment on the administrative record as to ExxonMobil's petition for a writ of mandate.  If the case is not resolved on the cross-motions for summary judgment, the parties will proceed to litigate ExxonMobil's other claims in Phase II.

The Proposed Intervenors seek to intervene as of right or, in the alternative, as a matter of discretion.  The Proposed Intervenors have submitted declarations from some of their members describing their proximity to the proposed truck route, *see* Katherine Davis Decl. ¶ 8 [Doc. # 18-3], Ken Hough Decl. ¶ 5 [Doc. # 18-5], and their use and enjoyment of the land in the vicinity of the proposed route, *see* Michael Lyons Decl. ¶ 5 [Doc. # 18-8].

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) requires a court, upon timely motion, to permit intervention as of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  When analyzing a motion to intervene as of right under Rule 24(a)(2), the Ninth Circuit applies a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-3225-DMG (MRWx) | Date | November 1, 2022 |
|---|---|---|---|
| Title | *Exxon Mobil Corporation v. Santa Barbara County Board of Supervisors* | Page | 4 of 8 |

(4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (*en banc*) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal citation omitted). A district court is required to accept as true the non-conclusory allegations made in support of an intervention motion. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001).

Even if these elements are not met, the Court has discretion to allow intervention if (1) independent grounds for jurisdiction exist; (2) the request is timely; and (3) the applicant's claim or defense and the main action share common questions of law or fact. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009); *see also* Fed. R. Civ. P. 24(b). Rule 24(b)(3) also requires the Court to consider whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## III.
## DISCUSSION

**A.    Intervention as of Right**

  **1.    Timeliness, Protectable Interest, and Impairment Thereof**

The Court finds that the Proposed Intervenors easily satisfy the first three elements necessary for intervention as of right. First, because the motion to intervene was filed at an early stage in this case, such that intervention will not prejudice either party, the Court finds that the proposed intervention is timely. *See United States v. Alisal Water Corp.*, 379 F.3d 915, 921 (9th Cir. 2004) (the factors the Court must consider to determine if a motion to intervene is timely are "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."). Second, the Proposed Intervenors, all of whom are environmental and cultural conservation organizations operating in Santa Barbara County and whose members live and recreate in the County, have a "significantly protectable" interest relating to the County's permit denial. *See Citizens for Balanced Use*, 647 F.3d at 897 (conservation groups had a "significant protectable" interest in conserving and enjoying the wilderness character of the study area); *see also Prete v. Bradbury*, 438 F.3d 949,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-3225-DMG (MRWx) | Date | November 1, 2022 |
|---|---|---|---|
| Title | *Exxon Mobil Corporation v. Santa Barbara County Board of Supervisors* | Page | 5 of 8 |

954 (9th Cir. 2006) ("[A] public interest group that has supported a measure . . . has a 'significant protectable interest' in defending the legality of the measure."). Third, if ExxonMobil succeeds in having its Project approved, the Proposed Intervenors' interest will be impaired. *See Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (an adverse decision in an action regarding creation of a conservation area "would impair the society's interest in the preservation of birds and their habitats").

      **2.**      **Adequacy of Representation**

ExxonMobil seems to recognize this, and contests only the fourth element under Rule 23(a): whether the Board will adequately represent Movants' interests in this litigation. *See* Opp. at 15.

In evaluating this element, courts in the Ninth Circuit consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable of and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 841 (9th Cir. 2022) (citing *Citizens for Balanced Use*, 647 F.3d at 898).

There is a presumption that an existing party to an action adequately represents the proposed intervenor's interest when both share the same "ultimate objective." *W. Watersheds Project*, 22 F.4th at 841. Similarly, courts assume adequacy of representation when the government is acting on behalf of a constituency that it represents. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003). When, as here, *both* of these presumptions exist, a proposed intervenor must make a "very compelling showing" of inadequate representation in order to intervene as of right. *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020) (citing *Arakaki*, 324 F.3d at 1086). Still, "intervention of right does not require an absolute certainty that a party's interests will be impaired or that existing parties will not adequately represent its interests." *Citizens for Balanced Use*, 647 F.3d at 900. It is enough that the government's representation "*may* be inadequate." *See id*. at 898 (emphasis added).

Proposed Intervenors contend that (a) their more focused interest in environmental and cultural preservation and in the health and safety of their members renders their interest sufficiently different from that of the Board that it is unclear if the Board will make all of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-3225-DMG (MRWx) | Date | November 1, 2022 |
|---|---|---|---|
| Title | *Exxon Mobil Corporation v. Santa Barbara County Board of Supervisors* | Page | 6 of 8 |

Proposed Intervenors' arguments, and (b) they will contribute necessary elements to the proceedings in the form of a different perspective.

The Ninth Circuit rejected similar arguments in *Oakland Bulk*, in which it affirmed the district court's denial of a motion from the Sierra Club and San Francisco Baykeeper to intervene as of right as defendants in a lawsuit challenging a city ordinance prohibiting a bulk materials shipping facility from storing or handling coal. The Ninth Circuit reasoned that the proposed intervenors had "failed to offer persuasive evidence, at the time of their motion to intervene, that Oakland's broader interests would lead it to stake out an undesirable legal position." 960 F.3d at 620. The Ninth Circuit also rejected the proposed intervenors' argument that their specialized expertise in environmental issues warranted intervention as of right, because the city could have acquired that knowledge through discovery or experts. *Id*. at 621.

Proposed Intervenors here offer several facts as evidence. First, both the Planning Commission and the Board voted to deny the Project on three-to-two votes, indicating that the County itself is divided as to the propriety of the denial. Second, Planning & Development staff reached a different conclusion than the Planning Commission, and ultimately the Board, as to whether the unmitigable risk of oil spills was outweighed by energy and economic benefits. Third, the Proposed Intervenors' Proposed Answer challenges certain allegations the Board's Answer appears to admit. For example, the Proposed Intervenors' Proposed Answer challenges the assertion that, even if the Project were approved, trucking oil would allow the Santa Ynez Unit to operate at only about 39% of its capacity. *Compare* Compl. ¶¶ 8, 27; Answer ¶¶ 8, 27 *with* Proposed Answer ¶¶ 8, 27. The Proposed Intervenors also question the Staff Report's findings that the air quality, greenhouse gas, and traffic impacts identified in the SEIR had been mitigated to less than significant levels, findings the Board appears to admit. *Compare* Answer ¶¶ 34, 35 *with* Proposed Answer ¶¶ 34, 35.

On the specific facts of this case, the Court finds that the Proposed Intervenors have made a compelling showing that the Board may not adequately represent their interests. The Staff Report's finding that the risk of oil spills was outweighed by economic and energy benefits, although not ultimately adopted by the Board, and the divided vote at both the Planning Commission and the Board suggest that the Board's interests diverge from the Proposed Intervenors' enough that it is not clear the Board will make all of the Proposed Intervenors' arguments. And while "mere differences in litigation strategy are not enough to justify intervention as a matter of right," *Perry*, 587 F.3d at 954-55, the differences between the Proposed Intervenors' Proposed Answer and the Board's Answer hint that the Proposed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-3225-DMG (MRWx) | Date | November 1, 2022 |
| Title | *Exxon Mobil Corporation v. Santa Barbara County Board of Supervisors* | Page | 7 of 8 |

Intervenors may seek to defend the Board's decision on different grounds than the Board does.[2] The Court therefore concludes that the Proposed Intervenors have established that it is likely that the Board will not advance the same arguments as the Proposed Intervenors. *See Berg*, 268 F.3d at 824. Intervention as of right is therefore warranted here.[3]

### B.   Limitations on Intervention

ExxonMobil asks that, if this motion is granted, the Court limit the Intervenors' participation by requiring that they file joint briefing that does not raise the issues addressed by the Board. In their Reply, the Intervenors assent to these limitations, noting that they intend to file only a single brief and that they intend to coordinate with the Board to avoid duplicative arguments, and to comply with the briefing schedule already established by the Court. (Indeed, the Intervenors proposed similar limitations in their motion.) The Court agrees that these limitations are reasonable. The Intervenors shall file joint briefs and comply with the existing briefing schedule, and the Board and the Intervenors shall coordinate to avoid duplicative arguments to the extent possible.

ExxonMobil also requests that the question of whether the Intervenors may intervene as to the claims that have been delayed until Phase II should be treated separately, and either denied or delayed until Phase II. But ExxonMobil's Phase II claims all seek relief related to the same permit denial, and the Intervenors' interests will be implicated in the same manner with respect to those claims. Although ExxonMobil seeks damages for some of its claims, it also seeks a declaration that the denial of the Project was invalid as to all but its inverse condemnation claim. *See* Compl. ¶¶ 93, 100-01, 115, 124, 131. Intervenors' interests are implicated in a similar manner as to all of these claims. The Court will therefore allow Intervenors to intervene as to all of ExxonMobil's claims.

---

[2] The Proposed Intervenors' arguments need not be winning arguments to justify intervention; they need only be "colorable." *Western Watersheds*, 22 F.4th at 841.

[3] Even if the Court had concluded that intervention as of right was not warranted, the Court would have allowed the Proposed Intervenors to intervene as a matter of discretion. The request is timely, there is no need for an independent basis for subject matter jurisdiction because the Court is exercising federal question jurisdiction, and there are common questions of law. *See Perry*, 587 F.3d at 955. Moreover, the Court has concluded that the interests of the Proposed Intervenors implicated here differ in meaningful ways from the interests of the Board. The arguments of the Proposed Intervenors will add an important perspective to the litigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-3225-DMG (MRWx) | Date | November 1, 2022 |
|---|---|---|---|
| Title | *Exxon Mobil Corporation v. Santa Barbara County Board of Supervisors* | Page | 8 of 8 |

## IV.
## CONCLUSION

In light of the foregoing, the motion to intervene is **GRANTED**.

**IT IS SO ORDERED.**