DAWN SESTITO (S.B. #214011)
dsestito@omm.com
JUSTINE M. DANIELS (S.B. #241180)
jdaniels@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071-2899
Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407

JACOB P. DUGINSKI (S.B. #316091)
jduginski@bdlaw.com
JAMES M. AUSLANDER (*pro hac vice*)
jauslander@bdlaw.com
BEVERIDGE & DIAMOND P.C.
456 Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone: +1 415 262 4000

Attorneys for Petitioner and Plaintiff
Exxon Mobil Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>　　　　Petitioner and Plaintiff,<br><br>　　v.<br><br>SANTA BARBARA COUNTY BOARD OF SUPERVISORS,<br><br>　　　　Respondent and Defendant,<br><br>　　and<br><br>ENVIRONMENTAL DEFENSE CENTER, GET OIL OUT!, SANTA BARBARA COUNTY ACTION NETWORK, SIERRA CLUB, SURFRIDER FOUNDATION, CENTER FOR BIOLOGICAL DIVERSITY, and WISHTOYO FOUNDATION,<br><br>　　　　Intervenors. | Case No. 2:22-cv-03225-DMG (MRWx)<br><br>**PETITIONER AND PLAINTIFF EXXON MOBIL CORPORATION'S NOTICE AND *EX PARTE* APPLICATION TO CONTINUE HEARING ON MOTIONS FOR SUMMARY JUDGMENT, CURRENTLY SCHEDULED FOR JUNE 16, 2023, BY NINETY (90) DAYS TO SEPTEMBER 15, 2023**<br><br>**Judge**: Hon. Dolly M. Gee<br>**Courtroom**: 8C |

**NOTICE OF *EX PARTE* APPLICATION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Petitioner and Plaintiff Exxon Mobil Corporation ("ExxonMobil"), by and through its counsel, hereby applies *ex parte* pursuant to Central District of California Local Rules 7-19 and 40-1 for an order continuing the hearing on the parties' respective motions for summary judgment currently scheduled for June 16, 2023 (Dkt. No. 21) for approximately ninety (90) days, until September 15, 2023 or the first available date on the Court's calendar thereafter.  The motions at issue are:  Respondent and Defendant Santa Barbara County Board of Supervisors' (the "Board") Partial Motion for Summary Judgment (Dkt. No. 34), Intervenors Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, Surfrider Foundation, Center for Biological Diversity, and Wishtoyo Foundation ("Intervenors") Motion for Summary Judgment (Dkt. No. 33), and Exxon Mobil's Cross-Motion for Summary Judgement (Dkt. No. 44).

ExxonMobil makes this application because it recently identified potential opportunities that would allow it to truck oil to Sisquoc where it could potentially then go to market.  If feasible, these opportunities might moot or provide an opportunity to dispose of all claims in this action.  ExxonMobil respectfully requests a brief 90-day extension so that it can evaluate the potential opportunities and, if feasible, meet and confer with the Board and Intervenors to determine appropriate next steps.  This *ex parte* application to continue the June 16, 2023 summary judgment hearing date is based on this Notice, the attached Application and memorandum of points and authorities, the Declaration of Dawn Sestito ("Sestito Decl.") filed concurrently herewith, all pleadings and records on file in this action, and such other evidence and argument as may be presented to the Court.

Per Local Rule 7-19, counsel for ExxonMobil telephonically met and conferred with counsel for Board and counsel for the Intervenors on June 7, 2023,

| | |
|---|---|
| 1 | about the proposed continuance.  During that call, counsel for the Board indicated |
| 2 | that they agreed to and would stipulate to the continuance.  Counsel for the |
| 3 | Intervenors indicated their intention to oppose.  Accordingly, during the same call |
| 4 | counsel for ExxonMobil advised the other parties that it expected that it would seek |
| 5 | relief and file this *ex parte* application.  Shortly thereafter, counsel for ExxonMobil |
| 6 | confirmed its intent to move *ex parte* via an email to counsel for the parties.  *See* |
| 7 | Sestito Decl. ¶¶ 7-11. |

DATED: June 8, 2023                     O'MELVENY & MYERS LLP


By:   */s/ Dawn Sestito*
         Dawn Sestito
   Attorneys for Petitioner and Plaintiff
   Exxon Mobil Corporation.

# *EX PARTE* APPLICATION AND MEMORANDUM IN SUPPORT

## INTRODUCTION

The Court should continue the hearing on the parties' respective motions for summary judgment—currently scheduled for June 16, 2013—because Petitioner and Plaintiff Exxon Mobil Corporation ("ExxonMobil") has recently learned of potential opportunities which, if feasible, could largely (if not entirely) resolve this action. ExxonMobil seeks a brief, ninety (90) day continuance for the hearing so it can explore these possibilities, assess their feasibility, and meet and confer with the other parties (including Intervenors) regarding next steps, which could include a potential resolution. Sestito Decl. ¶¶ 4,6. Defendant Santa Barbara County Board of Supervisors (the "Board") does not oppose this application and agreed to enter into a stipulation to continue the hearing date. *See id* ¶ 8. Notwithstanding the consent of the Board, intervenors Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, Surfrider Foundation, Center for Biological Diversity, and Wishtoyo Foundation (the "Intervenors") refused to stipulate to extend the hearing date and stated their intent to oppose any application for an extension. *See id* ¶ 9.

Good cause exists to continue the hearing date. The requested extension may allow the parties to moot or resolve the claims, which could obviate the need for a decision on the pending motions. The policies of this Court encourage settlements between the parties and favors reasonable means to achieve this goal. *See* Local Rule 16-15. E*x parte* relief is warranted here given that the hearing date is only eight days away, the requested extension is not material given that the Project has been pending since 2017, and the Intervenors will suffer no prejudice since the Project currently remains denied. Sestito Decl. ¶ 10. In light of these circumstances, ExxonMobil requests that the Court set the hearing on parties respective motions for summary judgment for September 15, 2023 or the first available date on the Court's calendar thereafter.

# BACKGROUND

ExxonMobil filed this action on May 11, 2022, seeking *inter alia* a writ of administrative mandate pursuant to California Code of Civil Procedure section 1094.5 arising from the Board's March 8, 2022 denial of ExxonMobil's application to temporarily truck oil from its Santa Ynez Unit ("SYU") to one of two locations—the Santa Maria Pump Station ("SMPS"), located outside of the City of Santa Maria via Highway 101, or to Pentland Terminal ("Pentland") in Kern County via Highway 101 and State Route 166 (as modified, the "Project"). *See* Sestito Decl. ¶ 3; *see also* Dkt. No. 44 at 6 (EM Mot.). During the pendency of the Project's review, SMPS announced its intentions to close in 2023, requiring that all Project trucks go to Pentland. *See* Dkt. No. 44 at 6, fn. 6 (EM Mot.).

Both the Board and Intervenors cite the closure of SMPS and the necessity of going to Pentland, which would include approximately 50 additional miles of travel along Route 166, as being a key factor in the Project's denial. Dkt. No. 46 at 1 (Bd. Reply, closure of SMPS "dramatically impacted Exxon's interim trucking proposal by eliminating SMPS as a destination for SYU crude oil."); *id.* at 17 (Bd. Reply Brief, "[t]he Board's decision was influenced by evidence in the record making it clear that SMPS would soon close, so that all 78 tanker trucks leaving [Exxon's facility] every 24-hours would have to travel State Route 166"); Dkt. No. 47 at 17 (Intvs. Reply, "Supervisor Williams noted that with the closure of the SMPS, the Project "puts many trucks on the road driving very far . . . .'"). In particular, in its findings for denial the Board stated that "if all of the truck trips terminated at [SMPS] as previously proposed, the total distance of the truck trips would be lower. But now, with the slated closure of [SMPS] in 2023, truck trips will shift to driving to Kern County for most of the duration of the Project," thus "minimiz[ing] the

previously-identified benefit that the Project would reduce truck traffic eastbound from [SMPS]." 1-AR-000011.[1]

ExxonMobil recently identified potential opportunities that would allow it to truck oil to Sisquoc—located along Highway 101 near SMPS—where it could potentially then go to market. If one of those opportunities was feasible, ExxonMobil would be able to seek permission to truck oil to Sisquoc using only Highway 101, thereby taking a shorter route and avoiding Route 166. Sestito Decl. ¶ 4. In light of this potential change in circumstances, ExxonMobil seeks a continuance of 90 days so that it can evaluate the potential opportunities and, if feasible, meet and confer with the Board and Intervenors to determine appropriate next steps, including whether the other opportunities might moot or provide an opportunity to dispose of all claims in this action. *Id.* ¶ 6.

Counsel for ExxonMobil telephonically met and conferred with counsel for the Board and Intervenors regarding the proposed continuance on June 7, 2023. *Id.* ¶ 7. Counsel for the Board stated that the Board did not oppose the request and would stipulate to the same. *Id.* ¶ 8. Counsel for Intervenors stated that they wanted the hearing to proceed because the matter has been fully briefed and so they would not stipulate to the requested continuance and would oppose it. *Id.* ¶ 9.

## ARGUMENT

In the Central District, an application for the continuance of a hearing date must be "served and filed at least five (5) days before the day set for trial," L.R. 40-1. Here, good cause exists for the 90-day continuance. Local Rule 16-15 states in relevant part that: "It is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties. The Court favors any reasonable means to accomplish this goal." ExxonMobil requests a 90-day continuance of the summary judgment hearing for purposes of exploring

---

[1] ExxonMobil maintains that the Board's denial of the Project was not supported by the evidence in the record. *See* Dkt. No. 46 (EM Mot); Dkt. No. 48 (EM Reply).

potential opportunities that might allow it to truck oil to Sisquoc where it could potentially then go to market.  If one of those opportunities were feasible, ExxonMobil would be able to seek permission to truck oil to Sisquoc using only Highway 101, thereby taking a shorter route and avoiding Route 166, which was identified as a concern.  Sestito Decl. ¶ 4.  This may moot or provide an opportunity to dispose of all claims, which could result in the dismissal of this action without the Court having to decide the pending summary judgment motions.  *Id.* ¶ 6.

ExxonMobil is seeking this continuance so that it can explore these potential opportunities and then confer with the Board and Intervenors regarding whether there is a path to moot or resolve the claims.  If the opportunities are not feasible or there is no potential path to moot or resolve the claims, the hearing will proceed in September.  To the extent Intervenors argue that there is no certainty that the claims will be mooted or resolved in the next 90 days, that is the point of the continuance—to give the parties time to work through those issues and confer about them and determine what, if any, next steps are appropriate.  *Id.* ¶ 10.

Intervenors suffer no prejudice by this continuance.  The Project remains denied and no oil is being trucked.  *Id.*  If Intervenors' true motive is to block any potential resolution, they are overstepping their bounds.  Both ExxonMobil and the Board agreed to the continuance.  It is not for the Intervenors to stand in the way of a potential resolution or to prevent discussions about a potential resolution from occurring.  *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 806-07 (9th Cir. 2002) ("An intervenor does not have the right to prevent other parties from entering into a settlement agreement.").  ExxonMobil simply seeks a continuance—short given that the Project has been pending for more than 5 years already—to evaluate options that have the potential to moot this litigation and then to meet-and-confer with both the Board and Intervenors.  Sestito Decl. ¶ 10.

*Ex parte* relief is appropriate here because the hearing is only 8 days away and if the hearing proceeds as scheduled, ExxonMobil will lose the ability to pursue

discussions that could lead to a mooting or potential resolution of this litigation. ExxonMobil recently learned of these new opportunities and promptly sought a stipulation with the Board and Intervenors. *See, e.g., Federal Trade Commission vs. Cardiff*, 2020 WL 3124348 (C.D. Cal. 2020) (granting *ex parte* motion to continue motion filing deadline and trial date on showing of good cause); *Swift Harvest USA, LLC v. Boley International HK, LTD*, 2019 WL 10631253 (C.D. Cal. 2019) (granting continuance of motion to dismiss hearing date where plaintiff would be prejudiced if the hearing date were not moved and where plaintiff was not at fault in creating the circumstances that require *ex parte* relief).

## NAMES AND ADDRESSES OF OPPOSING COUNSEL

Pursuant to Local Rules 7-19 and 7-19.1, the name, email address, street address, and telephone number for Intervenor's counsel—who oppose the requested continuance—are as follows:

> Linda Krop
> lkrop@environmentaldefensecenter.org
> Margaret M. Hall
> mhall@environmentaldefensecenter.org
> ENVIRONMENTAL DEFENSE CENTER
> 906 Garden Street
> Santa Barbara, CA 93101
> Tel. (805) 963-1622 / Fax. (805) 962-3152
> Attorneys for Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, and Surfrider Foundation
>
> Julie Teel Simmonds
> jteelsimmonds@biologicaldiversity.org
> Elizabeth Jones
> ljones@biologicaldiversity.org
> CENTER FOR BIOLOGICAL DIVERSITY
> 1212 Broadway, Suite 800
> Oakland, CA 94612
> Tel. (510) 844-7100 / Fax. (510) 844-7150
> Attorneys for Center for Biological Diversity and Wishtoyo Foundation

The name, email address, street address, and telephone number for Board's counsel—who do *not* oppose the requested continuance—is as follows:

> Mary Pat Barry, Sr. Deputy
> mpbarry@countyofsb.org
> COUNTY OF SANTA BARBARA

105 E. Anapamu St., Suite 201
Santa Barbara, CA 93101
(805) 568-2950 / FAX: (805) 568-2982
Attorneys for Respondent and Defendant Santa Barbara County Board of Supervisors

Respectfully submitted,

Dated: June 8, 2023                    O'MELVENY & MYERS LLP

                                       By:  */s/ Dawn Sestito*
                                            Dawn Sestito

                                       Attorneys for Petitioner and Plaintiff Exxon Mobil Corporation