LINDA KROP (Bar No. 118773)
lkrop@environmentaldefensecenter.org
MARGARET M. HALL (Bar No. 293699)
mhall@environmentaldefensecenter.org
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Tel. (805) 963-1622 / Fax. (805) 962-3152
*Attorneys for Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, and Surfrider Foundation*

JULIE TEEL SIMMONDS (Bar No. 208282)
jteelsimmonds@biologicaldiversity.org
ELIZABETH JONES (Bar No. 326118)
ljones@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Tel. (510) 844-7100/ Fax: (510) 844-7150
*Attorneys for Center for Biological Diversity and Wishtoyo Foundation*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>Petitioner/Plaintiff,<br>v.<br><br>SANTA BARBARA COUNTY BOARD OF SUPERVISORS,<br><br>Respondent/Defendant,<br><br>and<br><br>ENVIRONMENTAL DEFENSE CENTER, GET OIL OUT!, SANTA BARBARA COUNTY ACTION NETWORK, SIERRA CLUB, SURFRIDER FOUNDATION, CENTER FOR BIOLOGICAL DIVERSITY, and WISHTOYO FOUNDATION,<br><br>Defendant-Intervenors. | Case No. 2:22-cv-03225(DMG MRWx)<br><br>**DEFENDANT-INTERVENORS' OPPOSITION TO EXXONMOBIL CORPORATION'S EX PARTE APPLICATION TO CONTINUE HEARING ON MOTIONS FOR SUMMARY JUDGMENT**<br><br>Hon. Dolly Gee<br><br>Hearing: June 16, 2023<br>Time: 2:00 pm<br>Place: Courtroom 8C,<br>350 West 1st Street, Los Angeles |

# INTRODUCTION

The parties have known for nearly eleven months that cross motions for summary judgment would be briefed by late May 2023, Joint Report, Dkt. No. 16 at 6 (July 28, 2022), and for almost nine months that those motions would be heard on June 16, 2023, Minute Order, Dkt. No. 21 (Sept. 20, 2022). Now that briefing is complete, and just one week before the hearing, ExxonMobil Corporation ("Exxon") seeks a three-month delay for indeterminate, unjustified reasons. Exxon has not met the high standard for ex parte relief, and its application should be denied.

# STANDARD OF REVIEW

"*Ex parte* applications are solely for extraordinary relief." Standing Order, Dkt. No. 10 at 10. Such applications are "inherently unfair, and they pose a threat to the administration of justice." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489-90 (C.D. Cal. 1995). To establish it is entitled to ex parte relief, a party must show that its cause will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492.

As this Court clearly states in its Initial Standing Order paragraph titled Continuances, it has a "strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed." Requests "to continue or extend the date of any matter before this Court **must** be supported by a sufficient factual basis that demonstrates good cause why the change in date is essential." Dkt. No. 10 at 10-11 (emphasis in original).

## ARGUMENT

Exxon has not shown that it is entitled to ex parte relief under the *Mission Power* two-part test and the Court's Standing Order.

*First*, Exxon cannot be "irreparably prejudiced." *Id.*[1] The parties have known about the June 16th hearing date for *months* and briefing is already complete, so there is no harm to Exxon if the hearing is held as planned. Exxon cannot establish irreparable prejudice merely because it wants to delay the hearing so it has time to review additional information, conduct factual and legal research, or possibly make a new motion. *See Garmon Corp. v. HealthyPets, Inc.*, No. 5:18-cv-00809-ODW(SHK), 2018 U.S. Dist. LEXIS 88052, at *7 (C.D. Cal. May 24, 2018).

Instead of evidence of irreparable prejudice, Exxon's reasons for submitting this extraordinary application to delay the case by three full months are because it has "recently learned of potential opportunities which, if feasible, could largely (if not entirely) resolve this action." Dkt. No. 49 at 1. Exxon contends it will take the 90 days to "explore these possibilities, assesses their feasibility, and meet and confer" regarding next steps, which "could include a potential resolution." *Id.* None of this constitutes evidence of irreparable prejudice. Indeed, Exxon does not even commit to making a decision as to whether to move forward with a hearing come September 2023. While Exxon claims it merely seeks a 90-day continuance, further delays will be necessary to determine "appropriate next steps," thus revealing the true relief it seeks is indefinite. Dkt. No. 49 at 3.

Furthermore, Defendant-Intervenors note that while not their burden to demonstrate why some future, uncertain alternative route that Exxon may

---

[1] Although Exxon attempts to shift the burden of proof to Defendant-Intervenors by questioning the prejudice to Defendant-Intervenors if the hearing is delayed, Dkt. No. 49 at 1, 4, 5, it is *Exxon's* burden to show irreparable prejudice.

request to truck oil on will or will not moot this case, Exxon has not made any commitment to withdraw the pending case against Santa Barbara County. And Exxon's "recently identified potential opportunities" also involve trucking oil along Highway 101 to Sisquoc "where it could potentially then go to market" on unspecified transport routes that could include Highway 101, Route 166, and other state and county roads. Dkt. No. 49 at 3. While these "potential opportunities," which could take years to pursue, might avoid Route 166 according to Exxon, Defendant-Intervenors note that in this case, the Board of Supervisors properly found, based on the evidence presented, that trucking oil on both Highway 101 and Route 166 would result in a significant risk of accidents and oil spills that could not be mitigated or avoided. Throughout the findings, the Board cites evidence of accident risks on Calle Real, Highway 101, and Route 166 within the Project area. AR 12–13. This undermines any claim that a different trucking route would moot the current case.

Rather than outline how it will be harmed if the hearing moves forward, Exxon's application amounts to a concession that it simply does not want to continue litigating this case on the current timeline, does not want to receive a decision from this court, and yet does not want to dismiss its action until it has explored other nascent options for restarting its operations in Santa Barbara County.

*Second*, Exxon cannot establish that it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492. If this could even qualify as a "crisis," which it cannot, it is a "crisis" of Exxon's own making, the repercussions of which prejudice Defendant-Intervenors. The hearing on the cross motions for summary judgment has been scheduled since September 2022. Given this, Exxon had a reasonable, commonsense, and far less

3

burdensome alternative available to it: it could have filed a standard motion to stay months ago, before the parties expended resources briefing the summary judgment motions.

Instead, on June 7, 2023, Exxon's counsel informed Defendant-Intervenors' counsel for the first time that it would seek to continue the hearing. This decision is prejudicial to the other parties. Given Exxon's improper ex parte filing, Defendant-Intervenors are required to respond to this application within 24 hours, while at the same time preparing for a hearing next week.

Defendant-Intervenors have been waiting more than a year—since May 2022, when Exxon challenged the Board of Supervisors' denial of its project to truck oil—for clarity and resolution. It is inappropriate to postpone the hearing now, when there is no evidence of irreparable prejudice to Exxon, where such a delay is unlikely to resolve the issues presented in the pending motions for summary judgment, and where Exxon has otherwise failed to demonstrate good cause why the change in date is "essential" and warrants this extraordinary relief.

## **CONCLUSION**

For the foregoing reasons, Defendant-Intervenors respectfully request that the Court deny Exxon's ex parte application.

4

Respectfully submitted this 8th day of June, 2023

*/s/ Linda Krop*
LINDA KROP (Bar No. 118773)
lkrop@environmentaldefensecenter.org
MARGARET M. HALL (Bar No. 293699)
mhall@environmentaldefensecenter.org
Environmental Defense Center
906 Garden Street

*Attorneys for Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club and Surfrider Foundation*

*/s/ Julie Teel Simmonds*
JULIE TEEL SIMMONDS (Bar No. 208282)
jteelsimmonds@biologicaldiversity.org
ELIZABETH JONES (Bar No. 326118)
ljones@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Tel. (510) 844-7100

*Attorneys for Center for Biological Diversity and Wishtoyo Foundation*

I, Julie Teel Simmonds, in accordance with Local Rule 5-4.3.4(a)(2)(i), attest that Linda Krop reviewed the pleading presented above, concurred in the content, and authorized the filing of this document bearing her signature with the Court.

*/s/ Julie Teel Simmonds*
JULIE TEEL SIMMONDS

*Attorney for Center for Biological Diversity and Wishtoyo Foundation*

5